1

2

3

4

5

6

7

8  IN THE UNITED STATES DISTRICT COURT

9  FOR THE EASTERN DISTRICT OF CALIFORNIA

10  AF HOLDINGS LLC,

11       Plaintiff,  No. 2:12-cv-01073 KJM KJN

12    v.

13  JOHN DOE,

14       Defendant.  <u>ORDER</u>

15  _____/

16       Presently before the court is plaintiff's ex parte application for leave to conduct

17  expedited discovery ("Application") pursuant to Federal Rule of Civil Procedure 26(d)(1).[1]

18  (Application, Dkt. No. 10.)  Plaintiff seeks leave of court to serve a discovery subpoena on

19  nonparty Internet Service Provider ("ISP") Comcast Cable Communications LLC ("Comcast"),

20  and if necessary serve subpoenas on other "intermediary ISPs," in order to obtain the true identity

21  of defendant "John Doe," who is alleged to have infringed on plaintiff's copyrighted video

22  entitled *Popular Demand*.  (<u>See generally</u> Application; <u>see also</u>, <u>e.g.</u>, Am. Compl. ¶¶ 1, 3-4.)

23  ////

24  ////

25

26       [1]  This case was referred to the undersigned pursuant to Eastern District of California Local
Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

1

Based on a review of the court's docket, plaintiff has already successfully applied for an order granting the exact same requested expedited discovery plaintiff now seeks.[2]  The pending Application is therefore denied without prejudice to refiling.

## II.   DISCUSSION

On April 23, 2012, plaintiff filed its complaint against defendant "John Doe," asserting claims of copyright infringement, contributory infringement, and negligence in regards to the copyrighted video entitled *Popular Demand* ("Video").  (See generally Compl.)  On May 3, 2012, plaintiff filed an ex parte application for leave to conduct expedited discovery upon nonparty Comcast.  (Dkt. No. 7.)  On May 24, 2012, the undersigned granted the application and permitted the expedited discovery.  (Order, Dkt. No. 8.)

On July 21, 2012, plaintiff filed a First Amended Complaint.  (First Am. Compl., Dkt. No. 9.)  On July 25, 2012, plaintiff filed the pending ex parte application.  (Application, Dkt. No. 10.)

As a preliminary matter, it appears that plaintiff may not have filed its First Amended Complaint in accordance with Federal Rule of Civil Procedure 15(a).[3]  A review of the

---

[2]  Because plaintiff did not request a hearing, and oral argument would not materially aid the resolution of the pending matter, the court resolves plaintiff's Application on the moving papers and record.  See Fed. R. Civ. P. 78(b); E. Dist. Local Rule 230(g).

[3]  Federal Rule of Civil Procedure 15(a) provides, in relevant part:

**(a) Amendments Before Trial.**

*(1) Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:

**(A)** 21 days after serving it, or

**(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

*(2) Other Amendments.* In all other cases, a party may amend its

2

1  court's docket does not reflect that plaintiff's First Amended Complaint was filed within 21 days

2  after the service of plaintiff's original pleading.  Fed. R. Civ. P. 15(a)(1)(A).  The docket does

3  not reflect plaintiff ever having served its original pleading, and it is possible that plaintiff never

4  served it, so it is possible that the amended pleading does not run afoul of Rule 15.  However,

5  given that the undersigned granted plaintiff's prior application for expedited discovery upon

6  Comcast — an application that was based on the original pleading — it appears possible that

7  plaintiff completed that discovery, learned the identity of the John Doe defendant, and completed

8  service of the original pleading.  However, plaintiff has not discussed any reason for filing an

9  amended pleading at this posture, leaving the court to wonder whether the original pleading has

10  been served and/or whether any prejudice would result from allowing an amended pleading at

11  this posture.  Plaintiff did not request leave of court prior to filing its amended pleading.  Fed. R.

12  Civ. P. 15(a)(1)(C).  In any event, the undersigned defers to the district judge regarding the

13  propriety of the First Amended Complaint and resolves the pending Application on other

14  grounds.[4]

15        Plaintiff's pending Application is denied for two reasons.  First, the Application

16  appears almost completely identical to plaintiff's previous ex parte application, which has

17  already been granted.  (Compare Dkt. No. 7 with Dkt. No. 10.)  Both applications seek expedited

18  discovery from the same nonparty, Comcast.  Both applications explain that the expedited

19  discovery would aid the identification of the "John Doe" defendant named in this action.  The

20  pending Application offers no explanation as to how it differs from the application that was

21  granted on May 25, 2012.  (Dkt. No. 8.)  The undersigned declines to grant a duplicative order.

22

23                    pleading only with the opposing party's written consent or the court's
                      leave. The court should freely give leave when justice so requires.

24  Fed. R. Civ. P. 15(a)(1).

25        [4] A status (pretrial scheduling) conference is presently set for August 30, 2012, before United
    States District Judge Kimberly J. Mueller.  (Order Setting Status (Pretrial Scheduling) Conference
26  at 1, Dkt. No. 5.)

Second, plaintiff's original complaint and previous ex parte application target a John Doe defendant with "IP address 76.20.26.96." (Compl. ¶ 4; Declaration of Peter Hansmeier ("Hansmeier Decl.") in support of original ex parte application, Dkt. No. 7-1 at ¶ 27.) Yet, and potentially somewhat disturbingly, plaintiff's amended pleading and pending Application now target an entirely different IP address: "76.114.14.5. " (First Am. Compl. ¶ 4; Hansmeier Decl., Dkt. No. 10-1 at ¶ 27.)

In short, the amended pleading and pending Application target an entirely different John Doe defendant than the one this case started with. At best, this change represents a simple typo. At worst, it suggests an attempt to use the expedited discovery mechanism to seek identifying information regarding two John Doe defendants while paying only one case filing fee. Absent an explanation as to why John Doe's IP address has changed between pleadings, the undersigned declines to order the requested expedited discovery. Given plaintiff's silence regarding this change, it is impossible to tell whether plaintiff has already used the undersigned's prior order to obtain discovery from Comcast as to the original IP address, and now seeks a second bite at the apple — this time, seeking to identify someone with an entirely different IP address who may not properly be part of this action.

Accordingly, the pending Application is denied without prejudice to refiling.

III.   <u>CONCLUSION</u>

For the foregoing reasons, IT IS HEREBY ORDERED that:

Plaintiff's ex parte Application to conduct expedited discovery (Dkt. No. 10) is denied without prejudice to refiling.

IT IS SO ORDERED.

DATED:  August 23, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

4