1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   AF HOLDINGS LLC,

11            Plaintiff,                No. 2:12-cv-01073 KJM KJN

12        v.

13   JOHN DOE,

14            Defendant.            <u>ORDER</u>

15   _____/

16            Presently before the court is plaintiff's renewed ex parte application for leave to

17   conduct expedited discovery ("Renewed Application") pursuant to Federal Rule of Civil

18   Procedure 26(d)(1).[1]  (Renewed Application, Dkt. No. 14.)  For the third time in this case,

19   plaintiff seeks leave of court to serve a discovery subpoena on nonparty Internet Service Provider

20   ("ISP") Comcast Cable Communications LLC ("Comcast"), and if necessary serve subpoenas on

21   other "intermediary ISPs," in order to obtain the true identity of defendant "John Doe," who is

22   alleged to have infringed on plaintiff's copyrighted video entitled *Popular Demand*.  (<u>See</u>

23   <u>generally</u> Renewed Application; <u>see also</u>, <u>e.g.</u>, First Am. Compl., Dkt. No 9 ¶¶ 1, 3-4).  As

24   described below, the Renewed Application sufficiently addresses the concerns raised in the

25   _____

26      [1]  This case was referred to the undersigned pursuant to Eastern District of California Local
Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

1   undersigned's prior order denying without prejudice plaintiff's second application for leave to

2   conduct expedited discovery.  (Order issued Aug. 23, 2012, Dkt. No. 11.)  In consideration of the

3   Renewed Application, and for the reasons stated below, the court grants plaintiff's Renewed

4   Application for leave to conduct limited early discovery and authorizes plaintiff to serve nonparty

5   subpoenas pursuant to Federal Rule of Civil Procedure 45 and in accordance with the remainder

6   of this order.[2]

7   II.      BACKGROUND

8            On April 23, 2012, plaintiff filed its original complaint against defendant "John

9   Doe," asserting claims of copyright infringement, contributory infringement, and negligence in

10  regards to the copyrighted video entitled *Popular Demand* ("Video").  (See generally Compl.,

11  Dkt. No. 1.)  On May 3, 2012, plaintiff filed an ex parte application for leave to conduct

12  expedited discovery upon nonparty Comcast.  (Dkt. No. 7.)  On May 24, 2012, the undersigned

13  granted the application and permitted the expedited discovery.  (Order, Dkt. No. 8.)

14           On July 21, 2012, plaintiff filed a First Amended Complaint.  (First Am. Compl.,

15  Dkt. No. 9.)  On July 25, 2012, plaintiff filed a second ex parte application for expedited

16  discovery ("Second Application").  (Second Application, Dkt. No. 10.)  The undersigned denied

17  the Second Application without prejudice for the reasons stated within an order issued on August

18  23, 2012.  (Order, Dkt. No. 11.)  In general, the order noted that plaintiff's nearly identical

19  original and Second Applications targeted a single John Doe defendant but ascribed different IP

20  addresses to him.  (Id. at 1-4.)  More specifically, plaintiff's original complaint and original

21  application targeted a John Doe defendant with "IP address 76.20.26.96."  (Compl. ¶ 4;

22  Declaration of Peter Hansmeier ("Hansmeier Decl.") in support of original ex parte application,

23  Dkt. No. 7-1 at ¶ 27.)  Yet, plaintiff's amended pleading and Second Application targeted an

24

25           [2] Because plaintiff did not request a hearing, and oral argument would not materially aid the
     resolution of the pending matter, the court resolves plaintiff's Application on the moving papers and
26   record.  See Fed. R. Civ. P. 78(b); E. Dist. Local Rule 230(g).

2

1  entirely different IP address: "76.114.14.5." (First Am. Compl. ¶ 4; Second Hansmeier Decl.,

2  Dkt. No. 10-1 at ¶ 27.)

3          In the pending Renewed Application, plaintiff addresses the issues raised in

4  undersigned's order of August 23, 2012. (Renewed Application, Dkt. No. 14.) Plaintiff explains

5  that the Renewed Application became necessary when, in response to plaintiff's subpoena to

6  Comcast, plaintiff learned that Comcast had "permanently deleted the identifying information

7  associated with" the IP address stated within the original complaint (and in plaintiff's original

8  application), namely "IP address 76.20.26.96." (Renewed Application, Dkt. No. 14 at 2;

9  Declaration of Brett Gibbs ("Gibbs Decl."), Exh. A to Dkt. No. 14 ¶¶ 2-3.) Plaintiff also

10  explained the bases for plaintiff's belief that Comcast had assigned John Doe a new IP address,

11  namely, "IP address 76.114.14.5." (Gibbs Decl. ¶¶ 3-4.) This new IP address appears in

12  plaintiff's amended pleading. (First Am. Compl. ¶ 4.)

13          Plaintiff's counsel now represents that plaintiff "did not obtain any of John Doe's

14  identifying information pursuant to its first subpoena issued on Comcast." (Gibbs Decl. ¶ 2.)

15  Plaintiff states that it is "not currently able to identify the Defendant in this action. Plaintiff is

16  not attempting to seek the identifying information for a second, unrelated Defendant, but is

17  simply attempting to obtain the necessary information to be able to identify, name and serve the

18  lone unknown Defendant in this case." (Renewed Application at 3-4.)

19  III.    DISCUSSION

20          Plaintiff alleges that it is the "exclusive holder of the relevant rights" with respect

21  to the Video.[3] (First Am. Compl. ¶ 2.) Plaintiff alleges that John Doe, with "IP address

22  76.114.14.5" used an online peer-to-peer media distribution system, a "BitTorrent" file sharing

23

24          [3] Plaintiff alleges that the Video is currently registered with the U.S. Copyright Office, and
    that plaintiff "received the rights to the Video pursuant to an assignment agreement." (First Am.
    Compl. ¶ 19 & Exs. A-B.) Pursuant to 17 U.S.C. § 501(b), the "legal or beneficial owner of an
25  exclusive right under a copyright is entitled . . . to institute an action for any infringement of that
    particular right committed while he or she is the owner of it." Accord Silvers v. Sony Pictures
26  Entm't, Inc., 402 F.3d 881, 884 (9th Cir. 2005) (en banc).

1   protocol, to download the Video and then distribute the Video to numerous, unidentified third

2   parties.[4]  (See First Am. Compl. ¶¶ 4, 22-24.)  Plaintiff alleges that it does not know the actual

3   name of John Doe at this time.[5]  (Id. ¶ 4.)  However, through use of investigators, plaintiff has

4   identified evidence of John Doe's alleged infringing activities, as well as identifying information

5   about John Doe.  Plaintiff represents that it has identified John Doe by the unique Internet

6   Protocol ("IP") address "76.114.14.5" which corresponds with plaintiff's observation of John

7   Doe's alleged infringing activities.[6]  (See id. ¶¶ 4, 22-23; Declaration of Peter Hansmeier in

8

---

9       [4]  The complaint generally describes the mechanics of the BitTorrent protocol.  (First Am.
    Compl. ¶¶ 8-17; see also Hansmeier Decl. ¶¶ 8-13, Dkt. No. 7, Doc. No. 7-1.)  A magistrate judge
10  in the Northern District of California summarized the BitTorrent protocol as follows:

11              In the BitTorrent vernacular, individual downloaders/distributors of
            a particular file are called "peers."  The group of peers involved in
12          downloading/distributing a particular file is called a "swarm."  A server
            which stores a list of peers in a swarm is called a "tracker."  A computer
13          program that implements the BitTorrent protocol is called a BitTorrent
            "client."
14
                The BitTorrent protocol operates as follows.  First, a user locates a
15          small "torrent" file.  This file contains information about the files to be
            shared and about the tracker, the computer that coordinates the file
16          distribution.  Second, the user loads the torrent file into a BitTorrent client,
            which automatically attempts to connect to the tracker listed in the torrent
17          file.  Third, the tracker responds with a list of peers and the BitTorrent client
            connects to those peers to begin downloading data from and distributing data
18          to the other peers in the swarm.  When the download is complete, the
            BitTorrent client continues distributing data to the peers in the swarm until
19          the user manually disconnects from the swarm or the BitTorrent client
            otherwise does the same.
20
    Diabolic Video Prods., Inc. v. Does 1-2099, No. 10-CV-5865-PSG, 2011 WL 3100404, at *1-2
21  (N.D. Cal. May 31, 2011) (unpublished).

22      [5]  The use of "Doe" defendants is generally disfavored.  Gillespie v. Civiletti, 629 F.2d 637,
    642 (9th Cir. 1980).  However, a plaintiff should be given an opportunity through discovery to
23  identify such defendants where the identities of those defendants are not be known prior to the filing
    of a complaint, "unless it is clear that discovery would not uncover the identities, or that the
24  complaint would be dismissed on other grounds."  Id.

25      [6]  Plaintiff's complaint alleges that plaintiff used "geolocation technology to trace [John
    Doe's] IP address . . . to a point of origin within the State of California."  (First Am. Compl. ¶ 6.)
26  Plaintiff also alleges that it identified a unique file "hash" identifier associated with the particular

4

1  support of Second Application ("Second Hansmeier Decl."), Dkt. No. 10-1 at ¶ 27.)  Plaintiff's

2  investigator declares that at some point after observing the alleged infringing activity, he

3  "physically downloaded the [distributed] file and compared it to an actual copy of the Video to

4  confirm that the file was a substantially-similar reproduction of the copyrighted Video." (Second

5  Hansmeier Decl. ¶ 25.)  Additionally, plaintiff determined that Comcast is the ISP that provided

6  the above-referenced IP address to John Doe.  (Id. ¶¶ 24, 28.)

7         Through the pending Renewed Application, plaintiff seeks to discover John Doe's

8  actual name so that plaintiff may name him in an amended complaint and serve him with process.

9  (See Renewed Application at 4 ("Plaintiff needs the identifying information associated with IP

10  address 76.114.14.5 to be able to identify the Defendant in this case").)  Plaintiff seeks leave of

11  court to serve a Rule 45 subpoena on Comcast in order to learn the actual name of John Doe.

12  Additionally, plaintiff asserts that certain ISPs lease or otherwise allocate excess IP addresses to

13  unrelated ISPs, and that the absence of a direct relationship, such as a contractual relationship,

14  between the "lessor ISP" and the end-user deprives the lessor ISP of the ability to identify alleged

15  infringers like John Doe through user logs.  (Second Application at 2; Second Hansmeier Decl. ¶

16  30.)  Accordingly, plaintiff also seeks leave to serve Rule 45 subpoenas on "lessee" ISPs to the

17  extent that Comcast turns out to be a lessor ISP that cannot identify John Doe from Comcast's

18  user logs and records.  (See Second Application at 2; Second Hansmeier Decl. ¶ 30; Proposed

19  Order at 1-2, Dkt. No. 10-3.)

20  II.    LEGAL STANDARDS

21         Federal Rule of Civil Procedure 26(d)(1) provides: "A party may not seek

22  discovery from any source before the parties have conferred as required by Rule 26(f), except in a

23  proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these

24  rules, by stipulation, *or by court order*" (emphasis added).  District courts within the Ninth

25  _____

26  BitTorrent swarm: "6C10F2DCFF52961B876AA592183103BAC958E989."  (Id. ¶ 24.)

1  Circuit have permitted expedited discovery prior to the Rule 26(f) conference upon a showing of

2  "good cause."  See, e.g., In re Countrywide Fin. Corp. Derivative Litig., 542 F. Supp. 2d 1160,

3  1179 (C.D. Cal. 2008) (citing Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273 (N.D.

4  Cal. 2002)); accord Am. LegalNet, Inc. v. Davis, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009).

5  "Good cause exists where the need for expedited discovery, in consideration of the

6  administration of justice, outweighs the prejudice to the responding party."  In re Countrywide

7  Fin. Corp. Derivative Litig., 542 F. Supp. 2d at 1179 (citation and quotation marks omitted).

8  III.    DISCUSSION

9           Here, plaintiff seeks permission to conduct limited early discovery and serve

10  Rule 45 subpoenas on ISPs that may very well be able to assist plaintiff in identifying the true

11  identity of John Doe.  District courts within the Ninth Circuit have regularly found good cause

12  supporting early or expedited discovery in cases where the plaintiff alleged copyright

13  infringement accomplished through distribution of the work over a peer-to-peer network, and

14  where the plaintiff only named Doe defendants and sought early discovery to obtain the identities

15  and contact information of the alleged infringers from associated ISPs.  See, e.g., Berlin Media

16  Art E.K. v. Does 1 through 146, No. S-11-2039 KJM GGH, 2011 WL 4056167, at *2 (E.D. Cal.

17  Sept. 12, 2011) (unpublished) (granting leave to conduct expedited discovery in the form of

18  Rule 45 subpoenas seeking "information sufficient to identify each Doe defendant by name,

19  current and permanent address, telephone number, and e-mail address"); UMG Recordings, Inc.

20  v. Doe, No. C 08-1193 SBA, 2008 WL 4104214, at *4-5 (N.D. Cal. Sept. 3, 2008) (unpublished)

21  (granting leave to conduct expedited discovery in the form of Rule 45 subpoenas seeking

22  "documents that identify Defendant, including the name, current (and permanent) address and

23  telephone number, e-mail address, and Media Access Control addresses for Defendant" John

24  Doe); Arista Records LLC v. Does 1-43, No. 07cv2357-LAB (POR), 2007 WL 4538697, at *1-2

25  (S.D. Cal. Dec. 20, 2007) (granting leave to conduct expedited discovery in the form of Rule 45

26  subpoenas seeking documents that would reveal each Doe defendant's "true name, current and

1  permanent addresses and telephone numbers, e-mail addresses, and Media Access Control

2  addresses.").

3          For example, in <u>Arista Records LLC</u>, the plaintiffs alleged that unidentified

4  defendants used an online media distribution system to download and distribute plaintiffs'

5  copyrighted works to the public without permission.  <u>Arista Records LLC</u>, 2007 WL 4538697, at

6  *1.  Because the plaintiffs were only able to identify each defendant by a unique IP address

7  assigned to that defendant, plaintiffs filed an ex parte application seeking leave to immediately

8  serve discovery on a nonparty ISPs to identify the Doe defendants' true identities.  <u>Id.</u>  The

9  district court found good cause to allow expedited discovery on the basis of the plaintiffs' prima

10 facie showing of infringement, the risk that the ISP would not long preserve the information

11 sought, the narrow tailoring of the requests to the minimum amount of information needed to

12 identify the defendants without prejudicing their rights, and the fact that the expedited discovery

13 would substantially contribute to moving the case forward.  <u>Id.</u>  The court further noted that,

14 without such discovery, plaintiffs could not identify the Doe defendants and would not be able to

15 pursue their lawsuit to protect their copyrighted works.  <u>Id.</u>

16         Here, the undersigned finds that good cause supports permitting plaintiff to

17 conduct limited early discovery in order to discover John Doe's actual identity and contact

18 information.[7]  First, plaintiff has persuasively argued that it cannot identify John Doe without

19 limited early discovery and, therefore, cannot name John Doe or serve him with process.

20 Second, plaintiff plainly cannot conduct a Rule 26(f) discovery conference without knowing John

21

22         [7]  Although of no material impact on the pending Renewed Application, the undersigned
   notes that other magistrate judges of this court have granted plaintiff herein leave to serve Rule 45
23 subpoenas on an identified ISP and intermediary ISPs in order to identify a single Doe defendant in
   other cases who allegedly infringed on plaintiff's copyrights to *Popular Demand* by use of a
24 BitTorrent protocol.  <u>See generally</u> <u>AF Holdings LLC v. John Doe, IP Address 71.195.119.40</u>, No.
   CIV S-12-1067 KJM CKD, 2012 WL 1657828 (E.D. Cal. May 10, 2012) (unpublished); <u>AF</u>
25 <u>Holdings LLC v. Doe</u>, Civ. No. S-12-1064 JAM GGH, 2012 WL 1642048 (E.D. Cal. May 9, 2012)
   (unpublished); <u>AF Holdings LLC v. Doe</u>, Civ. No. S-12-1078 GEB GGH, 2012 WL 1610185 (E.D.
26 Cal. May 8, 2012) (unpublished).

1  Doe's real name and contact information.  Third, plaintiff's representations presently support that

2  the IP address identified by plaintiff is associated with a particular individual, and that the

3  discovery sought will facilitate identification of, and service of process on, John Doe.  Fourth,

4  plaintiff's investigative technician has declared that some ISPs store subscriber information

5  associated with particular IP addresses for as little as months or weeks, which supports

6  permitting expedited discovery.  (Second Hansmeier Decl. ¶ 29; Gibbs Decl. ¶ 2 (explaining that

7  Comcast indeed had, in the normal course of business, deleted the identifying information

8  associated with the IP address listed in plaintiff's Second Application and original pleading in

9  this case).)  The undersigned also finds, at least on the present record, that there is little risk of

10  material prejudice to John Doe or the ISPs if the ISPs are served with Rule 45 subpoenas that

11  require the ISPs to provide the actual name and contact information of one of its customers.

12  Finally, John Doe and each ISP may move to quash the subpoena or seek a protective order.

13          In short, good cause supports permitting plaintiff to conduct limited, expedited

14  discovery.  The minimal risk of prejudice to John Doe, Comcast, or any intermediary ISPs does

15  not outweigh plaintiff's need for the discovery sought.

16  IV.    CONCLUSION

17          For the foregoing reasons, IT IS HEREBY ORDERED that:

18          1.      Plaintiff's renewed ex parte application to conduct expedited discovery

19  (Dkt. No. 14) is granted.

20          2.      Plaintiff may immediately serve a subpoena pursuant to Federal Rule of

21  Civil Procedure 45 on Comcast Cable Communications LLC to identify the actual name and

22  contact information for the John Doe defendant who is associated with IP address 76.114.14.5,

23  and may also serve such subpoenas on any "intermediary" or "lessee" ISP that is identified as a

24  direct result of the subpoena served on Comcast Cable Communications LLC as providing

25  defendant John Doe with Internet services at IP address 76.114.14.5.  Such subpoenas shall be

26  limited in scope and may only seek the following information about defendant John Doe: name,

8

1  address, telephone number, and e-mail address.  A copy of this order shall be attached to any
2  such subpoena.

3          3.      Comcast Cable Communications LLC, and any other ISP subpoenaed
4  pursuant to this order, shall in turn serve a copy of the subpoena and a copy of this order on the
5  subscriber, defendant John Doe, within 14 days from the date of service of the subpoena on the
6  ISP.  An ISP may serve the subscriber using any reasonable means, including written notice sent
7  to the subscriber's last known address, transmitted either by first-class mail or via overnight
8  service.

9          4.      Any ISP served with a subpoena pursuant to this order shall confer with
10 plaintiff before assessing any charge in advance of providing the information requested in the
11 subpoena.

12         5.      Nothing in this order precludes any of the ISPs or defendant John Doe
13 from challenging the subpoenas consistent with the Federal Rules of Civil Procedure and this
14 court's Local Rules.  However, any such challenge, such as a motion to quash the subpoena or a
15 motion for a protective order, shall be filed before the return date of the subject subpoena, and
16 the return date shall be no earlier than 30 days from the date of service of the subpoena on the
17 ISP.

18         6.      If an ISP or the subscriber files a motion to quash or a motion for a
19 protective order, the ISP shall preserve the information sought by the subpoena pending
20 resolution of such a motion.

21 ////
22 ////
23 ////
24 ////
25 ////
26 ////

7.     Any information disclosed to plaintiff by any ISP may only be used by plaintiff for the purpose of protecting its rights under the Copyright Act, 17 U.S.C. §§ 101 et seq., and other rights stated in the complaint.

IT IS SO ORDERED.

DATED:  October 18, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

10